IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | 1:05-cv-0998-JDT-TAB |
| TACO BELL CORP. ) ) | COMPLAINT |
| Defendant. ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and and to provide appropriate relief to Shawn Keown who was adversely affected by such practices. As alleged with greater particularity in paragraph 7, below, the Commission alleges that Defendant subjected Keown to sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Taco Bell Corp. ("Taco Bell" or the "Employer"), has continuously been doing business in the State of Indiana and the City of Plainfield, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Shawn Keown filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2003, Defendant Employer has engaged in unlawful employment practices at its Plainfield facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant Employer subjected Keown to sexual harassment.

8. The effect of the practices complained of in paragraph 7, above has been to deprive Shawn Keown of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex.

9. The unlawful employment practices complained of in paragraph 7, above were intentional.

10. The unlawful employment practices complained of in paragraph 7, above were done with malice or with reckless indifference to the federally protected rights of Mr. Keown.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for males.

C. Order Defendant Employer to make whole Shawn Keown, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Shawn Keown by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Order Defendant Employer to pay Shawn Keown punitive damages for its malicious and reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
(317) 226-7202
FAX:  (317) 226-5571