IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  and<br><br>SHAWN KEOWN,<br><br>  Intervening Plaintiff,<br><br>  v.<br><br>TACO BELL CORP.,<br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.<br><br>1:05-cv-0998-SEB-TAB |

**CONSENT DECREE**

The Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted Civil Action No. 1:05-cv-998 under the authority granted by Section 706(f)(1) and (3) of Title VII the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's action was brought to correct alleged unlawful employment practices on the basis of sex.

Plaintiff Shawn Keown intervened, as was his right, pursuant to Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

The Commission, Mr. Keown, and Defendant Taco Bell Corp. ("Taco Bell") hereby stipulate to the jurisdiction of the Court over the parties and the subject matter.

The parties have advised the Court that they desire to resolve Civil Action No. 1:05-cv-998 without the burden, expense, and delay of further litigation. Taco Bell denies liability and enters into this Consent Decree to avoid further litigation.

It is, therefore, the finding of the Court, based on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) implementation of this Decree will advance the purposes and provisions of Title VII; and (3) this Consent Decree resolves all matters and claims in controversy in this lawsuit as provided in paragraphs 1 through 15 below.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. Taco Bell will not discriminate against any employee on the basis of age, disability, race, color, religion, sex, or national origin and will comply with all provisions of Title VII.

2. Taco Bell will not retaliate or discriminate against any of its employees, former employees, or applicants for employment because the individual (a) has made a charge or opposed an unlawful employment practice under Title VII or any of the laws enforced by the EEOC or (b) has assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII or any of the laws enforced by the EEOC.

3. Taco Bell agrees to post the Notice of Non-Discrimination Policy attached to this Decree as Appendix A in all locations at its Plainfield, Indiana, facility where employee notices are typically posted. Said Notice shall remain posted throughout the term of this Decree.

4. Taco Bell shall pay Thirty-Eight Thousand Two-Hundred and Fifty Dollars ($38,250.00) to Shawn Keown or his heirs or assigns in the event of his death. A check for

the total amount shall be made payable to Shawn Keown and sent to him via courier through his private counsel. This amount represents non-wage damages. Taco Bell shall also pay Thirty Thousand Dollars ($30,000.00) to Haskin Lauter LaRue & Gibbons.

5. Upon entry of this Decree, the Commission or Mr. Keown's private counsel will forward a release (Appendix B) to Mr. Keown for his execution. Mr. Keown shall have fifteen days from the date of entry of this Consent Decree to sign and return the release to the Commission. The Commission will notify counsel for Taco Bell when it has received the executed release and will forward a copy of the executed release to counsel for Taco Bell.

6. Within seven days of receipt of notice from the EEOC that Mr. Keown has executed the release, Taco Bell shall mail the checks as provided in ¶ 4 above. Taco Bell shall mail a copy of the checks and proof of their delivery to the Commission. Then, the Commission promptly will deliver the original release to Taco Bell's counsel.

7. Taco Bell shall provide a suitable training program for all of its employees and new hires at its Plainfield facility. This training shall cover unlawful employment practices under Title VII of the Civil Rights Act of 1964, with particular emphasis on the detection and prevention of sexual harassment. The training must be conducted within 120 days from the date of entry of this Decree for all current employees, and within fourteen days of hire for all new employees. Thirty days before the training of current employees, Taco Bell shall provide notice to the Commission of the date, time, and place of the training, and shall send to the Commission a copy of the training program and all written materials, if any, to be used. The Commission may provide reasonable input on the content of the training but shall

do so no later than ten days prior to the training, and the EEOC will not object to the showing of Taco Bell's existing videotapes as part of the training.

8. Taco Bell shall adopt and implement a training program for its Area Coach assigned to the area that includes the Plainfield facility. This training shall cover unlawful employment practices under Title VII of the Civil Rights Act of 1964, with particular emphasis on the awareness of discrimination issues that may affect youth, and especially minors, at work. The training must be conducted within 120 days from the date of entry of this Decree. Thirty days before the training of current employees, Taco Bell shall provide notice to the Commission of the date, time, and place of the training, and shall send to the Commission a copy of the training program and all written materials, if any, to be used. The Commission may provide reasonable input on the content of the training but shall do so no later than ten days prior to the training.

9. Taco Bell shall have no other monetary commitment to the Commission or Keown or his counsel, and except as otherwise provided herein, any attorneys' fees incurred by the parties are their own responsibility.

10. Taco Bell will submit a report to the EEOC detailing compliance with this Decree within 180 days of the date of the Decree. Taco Bell will certify to the EEOC's Regional Attorney that it has complied with ¶¶s 4 and 6 of this Decree. In addition, Taco Bell shall submit second and third reports 14 and 22 months after the date of the Decree. In each, Taco Bell will provide the following information:

    i. the dates and topics of all training programs pertaining to employment discrimination presented in the preceding twelve months, including the programs presented pursuant to ¶¶s 7 and 8;

      ii.    a copy of all written materials relied on or disseminated at those training programs;

      iii.    the name and position of each employee who attended the training programs; and

      iv.    for the preceding twelve months, a description of all verbal or written complaints of discrimination from any employee, the name and position of the complainant, Taco Bell's findings regarding the complaint, and Taco Bell's response to the complaint including any discipline administered as a result of the complaint.

All reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 West Ohio Street, Suite 1900, Indianapolis IN 46204-4203.

11.    The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect the premises, interview employees, and examine and copy documents.

12.    In the event that the EEOC alleges that a violation of this Decree has occurred, the EEOC shall give notice in writing to Taco Bell specifically identifying the alleged violation. Taco Bell will have ten days in which to investigate and respond to the allegation. If the parties are unable to resolve the allegation(s), the EEOC may petition the Court for relief.

13.    The term of this Decree shall be for 24 months following the date of entry of the Decree.

14.    Except as otherwise provided herein, each party will each bear its own costs.

15.     The Court will retain jurisdiction of this cause for 24 months for purposes of monitoring compliance with the Decree and entry of such further orders or modifications as may be necessary or appropriate.   The cause of action is nonetheless dismissed.

SO ORDERED.

Date:  02/16/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kenneth L. Bird
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203

Denise K. LaRue
Christopher S. Wolcott
HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis IN 46204

John R. Maley
R. Anthony Prather
Bradley J. Schulz
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis IN 46204

# EMPLOYEE NOTICE

## Posted Pursuant to an Agreement Resolving a Charge of Employment Discrimination filed with the

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Indianapolis District Office

```
This Notice is being distributed and posted by agreement between Taco
Bell Corp. and the United States Equal Employment Opportunity Commission,
resolving Civil Action No. 1:05-cv-998 in the United States District
Court for the Southern District of Indiana.

Federal law prohibits discrimination against any employee, former
employee, or job applicant because of the individual's sex, race, color,
religion, national origin, disability, or age (over 40).

Federal law also prohibits retaliation of any kind against any person who
has opposed any practice made unlawful under federal law or because an
individual has filed a charge, testified, assisted, or participated in
any manner in an investigation, proceeding, or hearing.

Taco Bell supports and will comply with federal law in all respects and
will not take any actions against employees because they have exercised
their rights under the law. Taco Bell agrees not to discriminate in
employment, will conduct a training program on the requirements of
Title VII of the Civil Rights Act of 1964, and will not retaliate against
an individual who files a charge of discrimination.

If you have any complaints of discrimination, you may contact the EEOC at
the address or telephone number given below. An employee has the right,
and is encouraged to exercise that right, to report allegations of
employment discrimination in the workplace. An employee may contact the
U. S. Equal Employment Opportunity Commission for the purpose of filing a
charge of employment discrimination.
```

Questions concerning this notice may be addressed to:

Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204-4203
Telephone (317) 226-7212
EEOC 800 # 1-800-669-4000
TTY (317) 226-5162

APPENDIX A

**RELEASE**

In consideration of the payment to me and my counsel by Taco Bell Corp., less appropriate taxes and withholdings, and in consideration of the Consent Decree (of which this release is a part) agreed to by the Equal Employment Opportunity Commission and Taco Bell Corp. in Civil Action 1:05-cv-998, entered of record in the Southern District of Indiana, I, Shawn Keown, hereby fully and forever release and discharge Taco Bell Corp. and its successors and assigns, including its present and former directors, officers, and agents, from any claim that was raised in Civil Action 1:05-cv-998, including any claim for attorneys' fees and costs.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

Dated: _____                _____
                                        Shawn Keown

      Subscribed and sworn to before me the undersigned, a Notary Public for _____County, State of Indiana, this _____day of _____, 2006.

                                                         _____
                                                         Signature of Notary Public

                                                         _____
                                                         Printed name of Notary Public

County of Residence:

My Commission Expires:

APPENDIX B